UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANDREW WARREN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 15-1473 (RJL) |
| ) | |
| THE CENTRAL INTELLIGENCE ) | |
| AGENCY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**
(September 29, 2016) [Dkts. #21 & #22]

FILED
SEP 29 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiff Andrew Warren, who was employed by the Central Intelligence Agency ("CIA") until 2009, brings this suit alleging he was harmed on two different occasions: first when CIA doctors failed to diagnose his post-traumatic stress disorder ("PTSD") caused by situations he endured in his work with the CIA and, second, when Leon Panetta testified on a matter involving the plaintiff at one of his hearings to be confirmed as the director of the CIA. Although plaintiff's initial complaint named only former-Director Panetta and the CIA as defendants, plaintiff amended his complaint to add the United States as a defendant, and he now brings all three of his claims against the United States under the Federal Tort Claims Act. See First Am. Compl. ("FAC") [Dkt. #19].

The case is presently before the Court on two motions to dismiss: one by former-Director Panetta [Dkt. #21] and one by the CIA and the United States (collectively "the federal defendants") [Dkt. #22]. In responding to defendant Panetta's motion to dismiss,

plaintiff conceded that he is not pursuing any claims against the former director in his individual capacity. Pl.'s Opp'n 1 n.1 [Dkt. #24]. Accordingly, I will analyze the grounds for dismissal outlined in the federal defendants' motion only. As the federal defendants point out, plaintiff did not properly serve this suit on the United States. Accordingly, the Court does not have personal jurisdiction over any of the defendants. Nevertheless, defendants ask me to dispose of this matter once and for all, arguing that even if they were properly within my jurisdiction, plaintiff still could not bring this suit because his causes of action are time-barred. It is for these reasons, which I explain more fully below, that the defendants' motions to dismiss are GRANTED and the suit is DISMISSED WITH PREJUDICE.

## FACTUAL BACKGROUND

Plaintiff claims that as a result of his work with the CIA, he suffered from PTSD beginning as early as 2001. FAC ¶¶ 11-12. He alleges that it was medical malpractice that CIA medical personnel failed to diagnose his PTSD during several medical exams conducted during his time at the agency. *Id.* ¶¶ 13, 36-38. According to plaintiff, the untreated PTSD caused him to engage in behaviors that resulted in his termination from the CIA in 2009 and, later, to criminal charges. *Id.* ¶¶ 11, 18.

At the beginning of 2009, the news media reported that plaintiff Warren had sexually assaulted two women while overseas as a CIA agent. *See* Fed. Defs.' MTD 5-7 (citing sources of which the Court takes judicial notice). The report identified Warren

by name. *Id.* Shortly thereafter, on February 6, 2009, Leon Panetta testified at a confirmation hearing before the Senate Intelligence Committee, where two senators asked Panetta questions about the news report. *Id.* They inquired as to the repercussions of the story being reported in the press and asked how he would handle sharing information about such allegations if they were reported to him as the director of the CIA. *Id.*

Plaintiff was indicted on one count of sexual abuse in June 2009. *See* Fed. Defs.' MTD 8, n.6 (citing *United States v. Warren*, No. 09-cr-158 (D.D.C. filed June 18, 2009), ECF No. 1). After more than a year of criminal proceedings, Warren ultimately pleaded guilty to a superseding information charging him with abusive sexual contact and possession of a firearm by an unlawful user of a controlled substance in June 2010. *Id.* (citing ECF No. 62, ECF No. 63). He was sentenced in March 2011. *Id.* (citing Minute Order of Mar. 3, 2011); FAC ¶ 18. At some time prior to being sentenced, Warren submitted a psychiatrist's report to that court explaining that he had been suffering from untreated PTSD since 2001. FAC ¶ 12. Plaintiff was released from incarceration for those crimes in January 2015. Pl.'s Opp'n 4.[1]

Plaintiff Warren notified the CIA of his claims in March 2015, FAC ¶ 21, about two months after being released from prison, about four years after being sentenced in the criminal proceeding, and more than six years after defendant Panetta's confirmation

---

[1] Plaintiff failed to plead in his complaint the dates of his incarceration, but defendants do not challenge either the basis of plaintiff's representation or its accuracy. *See* Fed. Defs.' Reply 3-5 [Dkt. #25].

hearing testimony. He filed this lawsuit against the CIA and Panetta in September 2015, Compl. [Dkt #1], but he eventually amended the complaint to join the United States as a defendant and to specify that each count is "against the United States," FAC 5-7. Plaintiff alleges in Count 1 that Panetta's remarks before the Senate Intelligence Committee violate the national security laws and therefore make the United States liable to him under the Federal Torts Claim Act ("FTCA"). FAC 5-6. In Count 2, he makes the same FTCA claim on the alternate theory that Panetta's remarks violate the common law tort of invasion of privacy. FAC 6. There is no Count 3 in plaintiff's amended complaint. In Count 4, plaintiff claims the United States is liable under the FTCA for the CIA failing to diagnose and treat his PTSD. FAC 7.

## ANALYSIS

I. **The Complaint Should Be Dismissed Because Plaintiff Failed to Properly Serve Defendants.**

Attempting to interpret plaintiff's intentions faithfully, it seems that his amended complaint pursues claims against the United States only. *See* FAC 5-7. But even if he intended to pursue claims against the CIA and former-Director Panetta in his official capacity, service on the United States would be required. *See* Fed. R. Civ. P. 4(i)(2) (even to sue an "agency" or "employee" of the United States, the plaintiff must serve the United States in addition to the named defendant). Either way, this Court is required to dismiss the case for lack of personal jurisdiction over the defendants if plaintiff did not

4

properly serve the United States. *See Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) (proper service is necessary to establish personal jurisdiction).

The requirements for serving the United States are given in Federal Rule of Civil Procedure 4(i)(1): a plaintiff must send the complaint and summons to *both* the U.S. Attorney of the district where the action is maintained *and* the Attorney General of the United States. Plaintiff responds to defendants' argument that he has not sent the complaint and summons to the Attorney General by citing to an irrelevant provision of the federal rules—Rule 15(c)—that governs the *timing* of adding the federal government as a party. *See* Pl.'s Opp'n 3. Plaintiff therefore concedes that he never sent the Complaint, the First Amended Complaint, or a summons to the Attorney General of the United States. *Id.* Accordingly, the suit must be dismissed for lack of jurisdiction.

## II. The Complaint Is Dismissed with Prejudice Because Plaintiff's Claims Have Expired.

Even where service is improper and the court does not have personal jurisdiction over the defendants, the law of this Circuit is that allowing a plaintiff to properly serve another suit containing the same meritless claims would be inconsistent with the district court's duties. *See Simpkins v. D.C. Gov't*, 108 F.3d 366, 369-70 (D.C. Cir. 1997); *see also Anderson v. Gates*, 20 F. Supp. 3d 114, 123 (D.D.C. 2013), *aff'd sub nom. Anderson v. Carter*, 802 F.3d 4 (D.C. Cir. 2015). It is therefore proper to reach the question whether this suit should be dismissed with prejudice because it is untimely.

The parties agree that a two-year statute of limitations applies to all three of plaintiff's claims. *See* 28 U.S.C. § 2401(b); Fed. Defs.' MTD 9; Pl.'s Opp'n 4. Defendants argue that plaintiff's claims based on Panetta's testimony accrued when he gave that testimony in February 2009 and that the claim based on plaintiff's undiagnosed PTSD accrued at the latest in March 2011, by which time plaintiff had indicated awareness of his undiagnosed PTSD in his criminal proceeding. Fed. Defs.' MTD 9-11. The claims are untimely, according to defendants, because plaintiff did not notify the CIA of the claims until at least four years later, in March 2015. Plaintiff takes issue with the dates of accrual. Apparently on the theory that he was not really injured by the alleged events until he was charged with a superseding information and detained in June 2010, plaintiff contends that his claims would have accrued in June 2010 except for the fact that he was incarcerated from that time until January 2015. Pl.'s Opp'n 4-5. Plaintiff cites to D.C. Code § 12-302(a)(3) for the proposition that when a cause of action accrues for a person while he is imprisoned, the statute of limitations shall not begin to run until that "disability is removed." *Id.* (citing D.C. Code § 12-302(a)).

Even accepting plaintiff's revisionist theory that his only injury was being indicted and detained in June 2010, he is mistaken that his claims could have survived until he was released from prison in 2015. The tolling provision in the D.C. Code simply does not apply to claims brought pursuant to the FTCA. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) ("The accrual date of a [federal] cause of action is a question of federal law that is

6

*not* resolved by reference to state law."); *e.g. Thomas v. U.S. Parole Comm'n*, No. 03-5289, 2004 WL 758966, at *1 (D.C. Cir. Apr. 7, 2004) (declining to apply D.C. Code § 12-302(a)(3) to toll prisoner's statute of limitations under the FTCA, referencing *Sexton v. United States*, 832 F.2d 629, 633 n.4 (D.C. Cir. 1987), for the proposition that the FTCA's statute of limitations must be interpreted "solely by reference to federal law"). Hence, the clock was running on plaintiff's claims while he was in prison and, under any of the parties' proposed dates of accrual, the claims expired before he was released.

## CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are hereby GRANTED and this case is DISMISSED WITH PREJUDICE. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge